We're ready to hear argument now in the case of Moore against the Commissioner of Internal Revenue. Mr. Hattis. Good morning. May it please the Court. At the outset, Your Honor, may I refer to the Internal Revenue Service as the IRS? Sure. That's a common enough acronym. Thank you very much. The question before this Court is what type of written records, if any, must a taxpayer maintain in order to take a research tax credit? That is the only question before this Court. Why? The tax court made some findings fact, and it does seem to me that they are adverse to your client, and unless you can show that the findings are clearly erroneous, you have trouble. Well, Your Honor, the findings I don't think are clearly erroneous. The tax court left our client hanging, so to speak, in that it held that but for some written record of the time spent by a particular employee, that that employee's actions did not qualify as qualified research or the direct support or direct supervision of that qualified research, and because of the lack of those written records, the tax court said we cannot allow his compensation to be used in the calculation of the research tax credit. In addition... Let's broaden this out. What kind of world would you prefer the tax court to listen to Mr. Roberts' testimony and say, okay, accepted? Or the alternative? What is the alternative to some sort of substantiation by Mr. Robert that you are arguing for? Well, Mr. Robert, in preparing Nevco's preparation of the tax returns, which included this claim of the tax research credit, Mr. Robert worked with Nevco's tax accountants and tax return preparers in determining what percentage of his time was actually spent on research which would qualify for the tax credit. And so it's, you know, that evidence right there should be sufficient to support the research credit. But counsel, wasn't your client on notice based upon the regulations, namely 26 CFR section 1.41-4D, that a taxpayer claiming the credit must retain records in sufficiently usable form and detail to substantiate the expenditures? And so shouldn't your client have known that they needed to provide some substantiate the expenditures that Mr. Roberts, you know, whether all or a portion of his salary was categorized under this particular statute? Yes, they should have been put on notice. I agree with that. And the reason I bring that up is because I think in your briefs you rely on Cohen, the 1926 whatever case, about where if a court finds that some of the acts are deductible then the court should engage in some sort of reasonable calculation of what that is. But here, given this particular regulation, I guess I'm surprised that your client didn't have any documents to satisfy this regulation. And given that the client didn't, I'm surprised that your client is pressing the appeal before us in the face of that regulation. I'm wondering why you think, what your best argument is that that regulation doesn't apply to your client? Well, first of all, to the extent there are written records, and I emphasize the word written because that's what the tax court emphasized, written records, because there are records that are not written. And so to the extent written records are required, the payroll of Mr. Robert is certainly a written record to support the expense of his compensation. And is your position that... It doesn't remotely deal with the critical question on which you lost in the tax court. I agree with your assessment there, Your Honor, but I would also say that for Nevco's many other employees, specifically engineers, did it require written records to support the use of their salaries for the tax research? You shouldn't go too far with an argument that things could have gone even worse for you, right? The commissioner, in a sense, cut your client a break by conceding that Roberts's subordinate was engaged in qualified research. But all we have to do now is deal with the deductions for Roberts. And there, the question is, what part of the research was qualified? And on that, as far as I can see your are correct. Do you argue that the regulation is invalid? No, we do not. We argue that his testimony... Testimony is not a written record. Well, again, Your Honor, there's no requirement of a written record. Well, you just told us that they had payroll, and payroll was a written record. Did I hear you say that correctly? I did say that. But what does the payroll establish about the percentage of his time spent on qualifying research? It does not. I reserve the balance of my time, if I could. Certainly, counsel. Mr. Jones. Good morning, Your Honors, and may it please the Court. Sam Jones, here on behalf of the Apollee Commissioner of Internal Revenue. Taxpayers Scott and Gail Amore's claim for a tax credit under Section 41 of the Internal Revenue Code rest primarily on their contention that Gary Robert, the former president and COO of the taxpayers wholly owned corporation, performed qualified research. Was the tax court correct and found there's no testimony or documents in the record showing what amount of time, if any, that Robert spent actually performing qualified research, a precisely defined term under Section 41? The taxpayers instead rely on Robert's estimate that 65% of his activities involved new product development. As the taxpayers have already conceded below, new product development, as they have defined it, is not the same as qualified research under Section 41. This is fatal to their claim. And with that, if the Thank you very much, Mr. Jones. Anything further, Mr. Addis? No, Your Honor. Well, thank you very much. The case is taken under advisement.